King-, J.
This case is pending in this court upon appeal from the court of common pleas, and is submitted to the court upon demurrer to the petition.
The petition sets forth — in brief — that the plaintiffs are the owners of certain real estate situate in the city of Toledo, and decribes that real estate in detail, and also the source of the plaintiff’s title thereto. It then sets forth that this real estate, which was unplatted property in 1890, was valued by the decennial assessor of that district at a valuation of $38,480, and that this valuation was fixed by the decennial city board of equalization of that year at $44,260, and was fixed by the decennial state board of equalization at the sum of $40,312; and at that valuation it had remained on the duplicate thereafter until 1893.
Between 1890 and 1893 it was platted by the owners of it; and in 1893 it is alleged that the assessor of that ward or district undertook to,and did return with his assessments a valuation upon these different lots as they had been platted, making a total valuation of the property to be $42,495, and this in that year being submitted to the annual city board of equalization, that board changed this valuation somewhat so that the total became $43,630, and was carried upon the tax duplicate of that year by the auditor of the county at that *699 total sum, being an increase over the total valuation as fixed by the decennial state board of equalization of $3,318. It is further alleged that there was tendered to the treasurer the amount of the lawful taxes as assessed upon the previous valuation,and this was refused,and that the treasurer was demanding and insisting upon the payment of the full sum as assessed upon this amended valuation fixed finally by the city board of equalization, and among the allegations of the petition, which I will read, are the following:
“Neither said annual assessor, nor said annual board of equalization liad any power to value said lots at a greater aggregate valuation than the valuation of the whole thereof, as determined and equalized by the decennial state board of equalization of 1890 for the ensuing decennial period, as hereinbefore set forth; or any power to value any lot, in said addition higher than its proportionate amount of said aggregate decennial valuation. But in determining said valuations, said annual assessor and said annual city board wholly disregarded said decennial valuation.
“But the defendant auditor, without any authority whatsoever, other than the acts aforesaid of said annual assessor and annual city board, has placed all of said lots in said, addition upon the grand tax duplicate for said county for 1893, at the excessive valuations so fixed by said annual city board, etc.”
“14. Plaintiffs had no notice and no knowledge whatever of the valuations so returned by the said annual assessor, nor of any action of said annual city board of equalization in respect to said lots or any of them, until after the same had been by said defendant auditor charged upon said duplicate; nor had any of the plaintiffs any notice or knowledge whatsoever in respect thereto. ”
Then follows a table that the plaintiffs have figured out of what they regard to be the true valuations to be affixed to those lots as divided up, and the total as fixed by the state board of equalization at $40,312, among those platted' lots; and an injunction is asked for.
*700 To this is filed a general demurrer. The question aigued ■ to us relates to the power of the annual city board of equalization to change materially the valuations as fixed by the decennial state board of equalization. And this 'question has been very fully and thoroughly argued. But on examination of these questions and of the allegations of the peti- • tion, we have come to the conclusion that the demurrer to the petition must be overruled — it clearly appearing, from the face' of the petition, that there is an allegation of fact stated therein, which makes consistent this injunction, if true. It would probably be unfair at this place, to pass upon the real questions which were argued to us. If upon allegations of fact an issue can be made up so that the treasurer,if he cares to, can successfully dispute those allegations of fact, it will then leave the remaining questions to be presented, and upon them the decision of the court would have some authority and some binding force and effect.
The statute under which the city board of equalization is constituted, is sec. 2805, and that provides:
“In each city of the first and second class there shall be an annual board for the equalization of the value of real and personal property, moneys, and credits, in such city—
And then the statute states how it shall be composed and how vacancies shall be filled, and proceeds:
“Said board shall have all the powers, and be governed by the rules, provisions and limitations prescribed in the next preceding section for the annual county board.”
Going back to the preceding section 2804, we find that it is provided that:
“Said board shall have power to hear complaints, and to equalize the valuation of all real and personal property, moneys and credits within the county, and shall be governed by the.rules prescribed for the government of decennial county boards for the equalization of real property; provided, that said board shall not reduce the value of the real property of the county below the aggregate value thereof as fixed by the state board of equalization, nor jbelow its aggregate *701 value on the duplicate of the preceding year, to which shall be added the value of all new entries and new structures over the value of those destroyed as returned by the several township assessors for the current year; provided further,'that except as to new structures, and structures destroyed, and lands and lots brought onto the tax list since the preceding decennial state board of equalization, the annual county board shall not increase or reduce the valuation of any real estate,except in case of gross inequality,and then only.upon reasonable notice to all persons directly interested, and an opportunity for full hearing of the question involved.”
Broum & Geddis, for plaintiff.
J. A. Barber, for defendant.
Now whether, if the question of notice were out of this petition, it would be presumed that the city board of equalization followed this statute, and, if they increased the valuation of this real estate, did it in a case of gross inequality, need not now be determined, because the petition fairly alleges that no notice of any kind was given of this increase; that the plaintiff had no knowledge of it whatever until it went upon the tax duplicate; and as is seen from the reading of the statute, that must be done — -that is the very first step to give the city board of equalization any control over it whatever, to enable them under any circumstances or for any reason to either increase or reduce the valuation of the property; and as the statute very well says, for the purpose of giving “an opportunity for a full hearing of the question involved.” It shall not be done in the dark, or in silence, but that the parties may have a day before this tribunal in order that they may be heard as to their objections to any increase of the valuation of the property.
The petition alleging that there was no such notice, it is clear that this demurrer must De overruled, and we overrule it upon that ground at .the present time. If the defendants desire leave to answer as to that question, they can do so. If they do not desire it, then judgment will be rendered for the plaintiff making the. in junction perpetual.